IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-270-FL

| | | |
|---|---|---|
| THOMAS PENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NASH COMMUNITY COLLEGE,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon defendant's partial motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE 11). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this employment discrimination action May 14, 2024, relying on a charge of discrimination filed with the Equal Opportunity and Employment Commission (the "EEOC charge") and its right to sue letter. His five claims arise under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and North Carolina common law. Plaintiff's ADA claims

---

[1] Although the complaint names defendant as "Nash Community College," defendant asserts in its answer and memorandum in support of the instant motion that, pursuant to N.C. Gen. Stat. § 115D-14, the proper name under which it must be sued is "The Trustees of Nash Community College," (Ans. (DE 11) at 1 n.1; Mem. (DE 12) at 1 n. 1). Where plaintiff does not dispute this assertion, the clerk is DIRECTED to update the docket to reflect that defendant's name is "The Trustees of Nash Community College."

include disability discrimination, failure to provide a reasonable accommodation, and retaliation. Plaintiff seeks reimbursement, compensatory and punitive damages, and injunctive relief.

Defendant answered July 10, 2024, and filed the instant partial motion to dismiss the same day, seeking dismissal of plaintiff's third claim for relief, captioned "Violation of the ADA for Retaliation." After an extension of time, plaintiff responded, relying upon his EEOC charge, and defendant replied. Discovery regarding plaintiff's remaining claims is ongoing pursuant to the court's August 13, 2024, case management order.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiff began working for defendant as a part-time driving instructor for its Commercial Driver's License ("CDL") program in June 2022. (EEOC Charge (DE 1-1) at 1).[2] Plaintiff alleges he is disabled and disclosed his disability to defendant upon hire "by informing them [he] needed to take two days off every six weeks." Id. Plaintiff has a condition known as Myasthenia Gravis, and this time off is necessary for plaintiff to obtain an infusion. (Compl. ¶¶ 13-14).

In August 2022, plaintiff applied for two open positions with defendant: director and full-time instructor. (Id. ¶¶ 17, 19). Plaintiff was not selected for either position and claims he was qualified for both. (Id. ¶ 20). The positions allegedly were filled by non-disabled employees. (Id. ¶ 21).

In February 2023, plaintiff requested that he be allowed to train one student, rather than two, at a time. (Id. ¶ 22). This "request for the accommodation came at the recommendation, and

---

[2] The court "may consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); see Fed. R. Civ. P. 10(c). Under this standard, here the court considers the allegations in plaintiff's EEOC charge attached to the complaint. (See compl. ¶ 8). Page numbers in citations to documents and briefs in the record specify the page number imposed by the court's electronic filing system rather than the page number showing on the face of the document, if any.

2

with the support of, his medical provider." (Id. ¶ 23). When defendant denied this request, plaintiff complained of harassment and disability discrimination to Nash Community College Vice President Wendy Marlowe ("Marlowe") and Susan Barkalow ("Barkalow") in human resources. (Id. ¶¶ 26, 29, 30).

Plaintiff discussed his concerns and the status of his request for an accommodation in a series of meetings with employees of defendant. (Id. ¶¶ 31-38). "Defendant did not schedule [plaintiff] to work during the time his complaint and reasonable accommodation request were reviewed, and he was not paid for his time off." (Id. ¶ 35). During the last of these meetings, in April 2023, defendant informed plaintiff of complaints against him made by students. (Id. ¶ 37). Plaintiff disputed the validity of these complaints and "told [d]efendant that he would be reporting [d]efendant's disability and age discrimination to the [EEOC]." (Id. ¶¶ 37-38). "Thereafter [d]efendant terminated [plaintiff's] employment." (Id. ¶ 39).

On June 8, 2023, plaintiff submitted his EEOC charge, claiming discrimination based on age and disability. (DE 1-1 at 1). The EEOC issued to plaintiff a dismissal and notice of right to sue February 16, 2024. (DE 1-2).

**COURT'S DISCUSSION**

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Defendant asserts that plaintiff's retaliation claim is procedurally barred and therefore subject to Rule 12(b)(6) dismissal because plaintiff failed to exhaust his administrative remedies before instigating this suit. Specifically, defendant argues that plaintiff did not include his claim of retaliation in his EEOC charge. The court first addresses the necessary elements of a claim of retaliation under the ADA before discussing plaintiff's exhaustion of administrative remedies.

1.  Elements of Retaliation

As an initial matter, to state a claim for retaliation, a plaintiff must allege either "direct evidence of retaliatory animus," Jacobs v. N.C. Admin. Off. of the Cts., 780 F.3d 562, 578 (4th Cir. 2015), or that "1) he engaged in protected conduct; 2) he suffered an adverse action; and 3) a causal link exists between the protected conduct and the adverse action." Reynolds v. Am. Nat. Red Cross, 701 F.3d 143, 154 (4th Cir. 2012).

"Protected activities . . . include both participation and opposition activities." McIver v. Bridgestone Americas, Inc., 42 F.4th 398, 411 (4th Cir. 2022). "[V]oicing one's opinions in order to bring attention to an employer's discriminatory activities" is an example of a protected opposition activity. Id.[3] In the context of retaliation claims, an adverse action is an "employer action[] that would have been materially adverse to a reasonable employee." Burlington N. &

---

[3]  Internal citations and quotation marks are omitted from citations unless otherwise specified.

Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006).[4]  That is to say, "the employer's action[] must be harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Id.

A plaintiff may "demonstrate that a protected activity caused an adverse action" inter alia by establishing "that the adverse act bears sufficient temporal proximity to the protected activity." Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 123 (4th Cir. 2021); see, e.g., Foster v. Univ. of Maryland-Eastern Shore, 787 F.3d 243, 253 (4th Cir. 2015) (determining that a one-month gap between protected activity and termination "tend[ed] to show causation"); Pascual v. Lowe's Home Ctrs., Inc., 193 Fed. Appx. 229, 234 (4th Cir. 2006) (holding allegations of causation by temporal proximity insufficient where "at least three to four months separated the termination of [plaintiff's] employment and the claimed protected activities").

Here, plaintiff alleges that he "reported harassment and disability discrimination," (Compl. ¶ 29), and "told Defendant that he would be reporting [d]efendant's disability and age discrimination to the [EEOC]," (Id. ¶ 38).  Voicing his belief that disability discrimination occurred and his intention to complain to the EEOC is a protected activity.  See McIver, 42 F.4th at 411.  Allegedly "[t]hereafter, [d]efendant terminated [plaintiff's] employment." (Compl. ¶ 39).  Termination is an adverse action because it "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Burlington N., 548 U.S. at 57.

Plaintiff has also alleged "sufficient temporal proximity" between his protected activity and the adverse action.  Roberts, 998 F.3d at 123.  Construing all allegations in favor of the plaintiff, it is reasonable to infer that plaintiff was terminated during the same April meeting in

---

[4] Burlington Northern dealt with Title VII, rather than ADA, retaliation claims.  However, courts "treat the Title VII context as being analogous to the ADA for this purpose." Israelitt v. Enter. Servs. LLC., 78 F.4th 647, 655 n.8 (4th Cir. 2023).

5

which he voiced his intention to file a claim with the EEOC. (See Compl. ¶¶ 37-39). This near immediate time gap is less than the one-month gap that was sufficient to show causation in Foster, 787 F.3d at 253. Thus, because of the alleged timing of these events, plaintiff states facts permitting an inference that a "causal relationship exist[s] between the protected activity and the adverse employment" action. Id.

In sum, plaintiff has alleged that he engaged in protected activity, that he suffered an adverse action, and that a causal link existed between the two, satisfying the requirements to state a claim for retaliation. See Reynolds, 701 F.3d at 154. Defendant argues nonetheless that plaintiff's retaliation claim is foreclosed by his failure to exhaust administrative remedies. The court addresses this argument below.

2. Exhaustion of Administrative Remedies

An individual asserting a violation of the ADA "must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012). This requirement "ensures that the employer is put on notice of the alleged violations," Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005), and provides the employer with "a chance to address the alleged discrimination prior to litigation," Sydnor, 681 F.3d at 59. Failure to exhaust administrative remedies is a procedural issue properly addressed with a Rule 12(b)(6) motion to dismiss. See Fort Bend Cnty. v. Davis, 587 U.S. 541, 551 (2019) (holding that the charge-filing requirement is procedural, rather than jurisdictional).

Although "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit," Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002), the "administrative charge of discrimination does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be

expected to follow the charge of discrimination," Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981). Additionally, "[a]s the [United States] Supreme Court has made clear, 'documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies.'" Sydnor, 681 F.3d at 594 (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008)).

Here, plaintiff has exhausted his remedies with respect to his ADA retaliation claim. Plaintiff's EEOC charge states that after discussing his request for an accommodation, plaintiff "told Wendy Marlow [sic] [he] was going to file a complaint with the EEOC as [he] felt there was discrimination against [him] because of [his] age and disability." (EEOC Charge at 2). The next sentence states "[a]t that point [plaintiff] was taken off the list of available training instructors and removed from the email contact list." (Id.). Plaintiff then "assumed without official notification that [he] was no longer employed" by defendant. (Id.).

Plaintiff's allegations in his complaint tell the same story. Plaintiff "told [d]efendant that he would be reporting [d]efendant's disability and age discrimination to the [EEOC]. Thereafter, [d]efendant terminated [plaintiff's] employment." (Compl. ¶¶ 38-39). The similarity of these narratives indicate that defendant was on notice of plaintiff's concern regarding the retaliatory nature of his termination. See Sydnor, 681 F.3d at 595 ("When taken together, the similarities between [the employee's] administrative and judicial narratives make clear that the [employer] was afforded ample notice of the allegations against it."). "[T]he administrative investigation that can reasonably be expected to follow the charge of discrimination" in this case, thus, would involve examining the temporal proximity of these events and determining the rationale for plaintiff's termination. Chisholm, 665 F.2d at 491.

7

Defendant argues that the EEOC charge is insufficient to support plaintiff's retaliation claim because it does not include the word "retaliation." (Def.'s Mem. Supp. (DE 12) at 4-5). However, where "the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient," regardless of the precise wording of each. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). "[A] plaintiff fails to exhaust his administrative remedies where his administrative charge[] reference[s] different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Sydnor, 681 F3d at 593. Although it does not include the word "retaliation," plaintiff's EEOC charge references the same "time frames, actors, and discriminatory conduct" as his complaint. Id.

Mindful of the directive that "the exhaustion requirement should not become a tripwire for hapless plaintiffs," id. at 594, the court declines to dismiss plaintiff's retaliation claim based solely on his failure to include the word "retaliation" in his EEOC charge. Thus, plaintiff exhausted his administrative remedies and has stated a claim for retaliation.

## CONCLUSION

Based on the foregoing, defendant's partial motion to dismiss (DE 11) is DENIED. The clerk is DIRECTED to update defendant's name on the face of the docket as directed in footnote one in order.

SO ORDERED, this the 26th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge